UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREO TEXAS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4795-B |
| | § | |
| MARCO SILVA and All Occupants, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Freo Texas, LLC's Motion to Remand (doc 5), filed December 19, 2013, and Motion for Expedited Consideration (doc. 10), filed March 27, 2014. For the reasons stated below, the Court finds that both motions should be, and hereby are, **GRANTED**.

## I.

## BACKGROUND

This case arises out of a foreclosure sale of Defendants Marco Silva and Maria Silva's home ("the Property") and a subsequent forcible detainer action brought in state court by Plaintiff Freo Texas, LLC ("Freo Texas"). Doc. 5, Pl.'s Br. 1-2. Following the foreclosure sale, Freo Texas demanded that Defendants vacate the property. Doc. 5-4, Demand Letter Ex. 3. Defendants refused, and Freo Texas then initiated a forcible detainer action in state court on October 4, 2014. Doc. 5-5, Pl.'s Orig Pet. Ex. 4. The court granted judgment in favor of Freo Texas, and Defendants appealed. Docs. 3, State Court Judgment; 3, Notice of Appeal. On December 9, 2014, the date of the scheduled hearing on appeal, Defendants removed this case to this Court. Doc. 1, Notice of Removal.

- 1 -

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916.

Federal courts must have subject matter jurisdiction, either in the form of diversity or federal question jurisdiction, to serve as the forum in a civil case. District courts have federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction, generally, when complete diversity of state citizenship exists between all plaintiffs and all defendants, and the amount in controversy exceeds the statutory minimum. *See* 28 U.S.C. § 1332. When a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly

construed in favor of remand").

## III.

## ANALYSIS

Defendants' arguments to establish jurisdiction in this Court are difficult to decipher. Defendants cite to both 28 U.S.C. §§ 1331 and 1332 to support removal in their Notice of Removal, but they only present arguments in support of diversity jurisdiction. Doc. 1, Notice of Removal. Defendants' response to Freo Texas's Motion to Remand similarly argues that jurisdiction is proper under §§ 1331 and 1332. Doc. 7, Defs.' Obj. Again, however, the bulk of the response is dedicated to showing that this Court has diversity jurisdiction over this matter, and only makes the conclusory allegation that "Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 *et seq.*" Doc. 7, Defs.' Objection 2. Although such conclusory statements generally cannot sustain federal jurisdiction, the Court will address Defendants' claims that the Court has both federal question and diversity jurisdiction over this action.

*A. Federal Question Jurisdiction under 28 U.S.C. § 1331*

The Defendants' arguments that the Court has jurisdiction over this action under § 1331 are unsupported by the pleadings and the law. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) ("for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system"). Freo Texas's Original Petition only alleges a forcible

- 3 -

detainer action, which arises solely under Texas law. *Fannie Mae v. Song Wha Lee*, No. 3:10-CV-1047-L, 2010 WL 3025533, at *3 (N.D. Tex. July 30, 2010) (finding that a forcible detainer action "did not raise issues of federal law sufficient to support federal question jurisdiction"). The petition does not otherwise raise a claim under federal law, nor do Freo Texas's claims necessarily depend on the resolution of a substantial question of federal law. *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008) ("In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."); *Borden v. Allstate*, 589 F.3d 168, 172 (5th Cir. 2009) (citations omitted). Defendants' citation to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, also does not confer federal jurisdiction over this matter because it is, at most, an attempt to plead a federal defense or counterclaim, which is insufficient to establish federal jurisdiction. *Caterpillar Inc.,* 482 U.S. at 393; *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Accordingly, this matter does not fall within this Court's federal question jurisdiction.

B. *Diversity Jurisdiction under 28 U.S.C. § 1332*

Defendants' claim of diversity jurisdiction is similarly faulty. As noted above, a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiffs admit in both their Notice of Removal and their Response to Freo Texas's Motion to Remand that they are and have been throughout the course of this action, citizens of Texas. Accordingly, they could not remove to

- 4 -

this Court based on federal diversity jurisdiction.

Because the Court has neither federal question nor diversity jurisdiction over this matter, removal was improper. Freo Texas's Motion to Remand should therefore be **GRANTED**.

## IV.

## CONCLUSION

For the foregoing reasons, Freo Texas's Motion to Remand (doc. 5) is **GRANTED**. Freo Texas's Motion for Expedited Consideration (doc. 10) is similarly **GRANTED**. This case is **REMANDED** to the County Court at Law Number 1 in Tarrant County, Texas, for further proceedings.

SO ORDERED.

SIGNED: April 11, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE